THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14—CV-293-FL

FILED

DEC 2 2 2014

JULIE A. RICHARDS, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

ANTHONY PEAKE,
                Plaintiff

-v-

Marlane Becker,
Richard Montoni,
Paul Buchanan,
Lesley Moxley,
Timothy Smith,
Melissa Blizzard,
Scott Crossman,
Jason Grant Bettis,
John Carter,
Vera Pearson,
George Collins,
Louis F. Foy,
Ernest Lee,
Daisey Blue,
Jacqueline Mull,
Malvin Sutton,
Virgil Hollingsworth,
Ed Brown,
Jeff Hudson,
Beverly Yvette Jackson,
Vera Pearson,
Donna Thomas,
John Olsen,
Jacob Evans Jr.,
Ameil Rossabi,
Carla West,
                Defendant's

**COMPLAINT**

NOW COMES Plaintiff Anthony M. Peake ("Plaintiff" or "Mr. Peake"), by and through undersigned counsel, requesting a jury trial, and alleging the following against Defendants:

## INTRODUCTORY STATEMENT

1. On December 20, 2012, Defendants Marlane Becker ("Becker" or "Defendant Becker"), Attorney's Timothy Smith and Melissa Steven's Blizzard acting as agents for Defendant Onslow County Child Support ("the County" or "Onslow County" or "Onslow County Child Support" or "Maximus" or "Policy Studies Inc. or "Onslow County Administration" or "Smith and Blizzards - Attorneys at Law or "Onslow County Sherriff Department"), unlawfully committed perjury and falsely arrested and falsely imprisoned him. On December 20, 2012, Defendant Scott Crossman acting as agents for ("the County" or "Onslow County" or "Onslow County Sherriff Department" or "), unlawfully committed perjury and falsely arrested and falsely imprisoned him. Defendant Crossman then detained Mr. Peake, handcuffed behind his back, while the officer maliciously and unlawfully aided and abetted the theft of Plaintiff's private property.

2. Defendant Onslow County Child Support failed to punish these agents even after Onslow County Board of Commissioner officials became aware December 17, 2012 of the caseworker misconduct at issue in this case. Defendant Jacksonville Police Department failed to punish these agents after their notification on 3-28-2012 case # 12-1873. Defendant Jacksonville City Manager's Office failed to punish these agents even after a verification of unoccupied building on 11-27-2014, business Helping Hands Community Support Services, Inc company Marlane Becker and Attorney Smith and Blizzard falsely accused Mr. Peake of working on 10-31-2008 court order.

3. These actions on the part of Defendant's violated Mr. Peake's rights under the Fourth Amendment to the United States Constitution and North Carolina law. Mr. Peake should be awarded compensatory and punitive damages, along with other relief, for these violations of his constitutional rights and of state law.

## JURISDICTION AND VENUE

4. This case presents an actual case and controversy arising under the Fourth Amendment to the United States Constitution. This case also arises under the provisions of 42 U.S.C. §§ 1983 and 1988.

5. Original jurisdiction over this case is conferred upon this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the United States Constitution because this case arises under the Constitution and laws of the United States. Original jurisdiction over this case is also conferred upon this Court pursuant to 28 U.S.C. § 1343(a) because this action is to redress the deprivation by Defendant, under color of state law, of rights, privileges, and immunities granted to Mr. Peake by the United States Constitution.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1393(a). Mr. Peake and one or more Defendants reside in this District, and the claims asserted herein arose in this District.

8. Plaintiff seeks damages in excess of $10,000.00 on each of the state-law claims.

## PARTIES

9. Plaintiff Anthony M. Peake is a citizen and current resident of the Richmond, Richmond City, Virginia.

10. Defendant Onslow County Child Support ("the County" or "Onslow County" or and its departments, including the "Onslow County Administration"), is a municipal corporation

and political subdivision of the State of North Carolina, organized and existing pursuant to the Constitution and laws of the State of North Carolina.

11. Defendant Marlane Becker is, on information and belief, a citizen and resident of Onslow County, North Carolina. At all times relevant to this action, she was employed as a deputy officer for Onslow County Child Support. She is sued in his individual and official capacity under state law for acts taken within the course of his employment. Onslow County Administration has waived immunity as to claims against Defendant Becker in his official capacity. Because the actions of Defendant Becker were malicious, willful, wanton, and exceeded or were outside the scope of his lawful authority, she is not entitled to any public officer or governmental immunity that might otherwise shield him from individual liability under the claims alleged herein.

12. Defendant Timothy Smith and Melissa Bizzard is, on information and belief, a citizen and resident of Onslow and Duplin County, North Carolina. At all times relevant to this action, he was employed as a public officer for the Onslow County Child Support. He is sued in his individual and official capacity under state law for acts taken within the course of his employment. Onslow County has waived immunity as to claims against Defendant Smith and Blizzard in his official capacity. Because the actions of Defendant Smith and Bizzard were malicious, willful, wanton, and exceeded or were outside the scope of his lawful authority, he is not entitled to any public officer or governmental immunity that might otherwise shield him from individual liability under the claims alleged herein.

13. At all relevant times, the acts and practices of Defendants, and those acting at their direction, were performed under color of state law for purposes of 42 U.S.C. § 1983 and constituted state action within the meaning of the Fourteenth Amendment to the United States Constitution.

14. Defendants Becker, Smith, Blizzard, Onslow County Sherriff Department and Onslow County Administration are sued in their individual capacities under 42 U.S.C. § 1983

for conduct that violated the Fourth Amendment.

15. With respect to Mr. Peake's state-law claims, Onslow County and the City of Jacksonville is sued under the doctrine of *respondeat superior*, as the individual Defendants were acting in the course of their official duties as police officers employed by Onslow County Child Support, Onslow County Sherriff Department, Smith and Blizzard and and as agents of Onslow County when they engaged in actions alleged herein, and the Town ratified their conduct.

16. At all relevant times hereto, Onslow County was authorized to and did waive its immunity from civil liability in tort by purchasing liability insurance, by contract with an insurance company and/or by participation in an insurance risk pool that covers the claims asserted in this legal action.

## FACTS

17. On December 20, 2011, around noon, Mr. Peake was on a show cause child support hearing.

18. Before Mr. Peake could answer the door, Judge Louis Foye entered a contempt of court for non payment of child support.

19. Mr. Peake, who had been evicted from the residence approximately three years before, was accompanied by court appointed counsel, Defendant Becker and Defendant Smith and Blizzard present.

20. Defendant Becker, Smith and Blizzard falsified Mr. Peake employment status. Defendant Becker, Smith and Blizzard informed Mr. Peake that he had an order for Mr. Peake's arrest, if Mr. Peake failed to pay support order, as required under North Carolina law.

21. During this interaction, the officer detained Mr. Peake

22. When Mr. Peake attempted to protest child support over five times. Defendant Becker, Smith and Blizzard denied Mr. Peake modification even when they had evidendce of his termination dated 9-22-2008 filed in 2012. During the court hearing interaction in Mr. Peake's case, Defendant Becker, Smith and Blizzard continued to berate and belittle Mr. Peake,

26. Instead, Defendants Becker, Smith and Blizzard used their cloak of authority as officers to secure their unlawful justice, into Plaintiff's employment history without any legal authority and without Plaintiff's consent.

27. Defendants Onslow County Sherriff Department placed Mr. Peake in handcuffs and escorted him in a secured location inside the courthouse.

28. On that date, December 20, 2012, the court room was full to capacity, Mr. Peake was defamed of his character.

29. Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department forced Mr. Peake to sit in a closed rooms filled with people, with his hands handcuffed behind his back, for nearly an hour with minimal or no air-conditioning. He was not offered water or allowed to use the restroom.

30. During the hour that Mr. Peake was confined, he suffered continual mental anguish and embarrassment. Mr. Peake remember seeing former mental health clients asking him why he was locked up.

32. Indeed, Defendant Becker, Smith and Blizzard actually *assisted* Onslow County Sherriff Department in carrying out this false arrest/ false imprisonment.

35. Rather, the officers wrongfully arrested Mr. Peake on a show cause summons for an contempt.

36. While Mr. Peake remained handcuffed and detained in the officers' custody, upon information and belief, Defendant Becker, Smith and Blizzard was affirmatively told that

Mr. Peake did work for Helping Hands Community Support Services, Inc. on all denials and the ability to earn his alledged income. Despite seeing a 1-13-2009 Corporate restraining order and 9-22-2008 termination letter, Defendant Becker, Smith and Blizzard, and Onslow County Sherriff Department continued to detain Mr. Peake and then permitted him to be transported to the jail.

37. The officers forcibly moved Mr. Peake from Couthouse to Jail.

38. Officer Unknown then transported Mr. Peake to the jail in Jacksonville, North Carolina.

39. As soon as Mr. Peake arrived at the jail, he was released by the next day on a $1,000 bond.

40. In an citizens request report, Jacksonville Police Department, indicated that Mr. Peake had been "falsely arrested."

41. The items taken from Mr. Peake's lost over the past 6 years , with the assistance of the officers, are valued in excess of $10,000.00. Mr. Peake has never recovered those items.

42. After this false arrest, Mr. Peake filed an internal affairs complaint with Jacksonville City Manager's office, NC Attorney General, Inspector General Office and Department of Justice and sought an investigation, asking the police to investigate the Perjury complaint.

43. Jacksonville Police and Onslow County Sherriff Department repeatedly refused to investigate the perjury and refused even to allow Mr. Peake to file a police report for the stolen items.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Claim for Fourth Amendment Violations
### Defendants Beckerand Correll

47. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

48. The actions of Defendants Becker Smith and Blizzard and Onslow County Sherriff Department and complained of herein, including their false arrest/ false imprisonment of Plaintiff and unlawful seizure of Plaintiff, were taken under color of state law for purposes of a claim under 42 U.S.C. § 1983, and violated the Fourth Amendment to the United States Constitution.

49. The actions of Defendants Becker, Smith and Blizzard, as alleged herein, include, without limitation, their actions in entering into Mr. Peake's privacy by falsely arresting him, without probable cause.

50. In doing so, the individual defendants acted with deliberate indifference to and/or reckless disregard for Mr. Peake's constitutional rights.

51. Further, the actions of Defendants Becker, Smith and Blizzard, as alleged herein, including, without limitation, forcing Mr. Peake to sit for a substantial period of time in a confined area, while handcuffed behind his back, publicly humiliating him and defaming his character while the Defendants permitted chuckle and even assisted others in the theft of Plaintiff's property from his possession, also violated the Fourth Amendment guarantee against unreasonable seizures.

52. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. § 1983 against Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department for violations of his Fourth Amendment rights under color of law.

53. Plaintiff also seeks and is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF
### Trespass by Public Officer
### Defendants Becker, Smith and
### Blizzard and Onslow County
### Sherriff Department

54. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

55. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department constituted trespass by a public officer against Mr. Peake.

56. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department, as alleged herein, include, without limitation, their actions in entering into Mr. Peake's personal property, falsely arresting him, also without a warrant and without probable cause, and then assisting private individuals in stealing private property from Mr. Peake's home. The actions alleged herein against Mr. Peake, and false imprisonment by wrongfully arresting Mr. Peake and forcing him to sit confined in a waiting room inside a courthouse, while handcuffed behind his back.

58. Those actions were malicious and intentional and were taken without Mr. Peake's consent or lawful privilege, justification, or excuse.

59. Those actions resulted in a seizure that was made without legal authority or adequate justification or probable cause, which was therefore a false arrest. The officers committed an unlawful assault and battery on the Plaintiff and then, falsely imprisoned him in the police car.

60. All of those actions constitute trespass by a public officer upon the person, in violation of North Carolina law.

61. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were deliberate, grossly negligent, in bad faith, intentional, corrupt, malicious,

wanton, willful, done with conscious or reckless disregard for the rights and safety of others, and/or beyond the scope of their lawful authority, thereby piercing any right to claim public officer immunity.

62. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department proximately and directly caused the physical and emotional harm suffered by Mr. Peake.

63. At all times relevant to this Complaint, Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were acting in the course of their duties as deputy officers employed by the Onslow County, and their actions and unlawful conduct are therefore imputed to Leland under the doctrine of *respondeat superior*.

64. As a direct and proximate result of Onslow County unlawful and Unconstitutional conduct, Mr. Peake suffered and continues to suffer compensatory damages in excess of $10,000 and in an amount to be proved at trial.

65. Mr. Peake is entitled to punitive damages because Defendants Becker, Smith and Blizzard acted with malicious, deliberate, willful, and wanton disregard for his rights and privileges.

### THIRD CLAIM FOR RELIEF
### Trespass Upon Chattels
### Defendants Beckerand Correll

66. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

67. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department constituted trespass upon chattels against Mr. Peake.

68. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department, as alleged herein, include, without limitation, falsely arresting Mr. Peake for the purpose of permitting and even assisting private individuals in stealing private personal

property from Mr. Peake's home.

69. Those actions were malicious and intentional and were taken without Mr. Peake's consent or lawful privilege, justification, or excuse.

70. Those actions resulted in the theft of Mr. Peake's private property.

71. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were deliberate, grossly negligent, in bad faith, intentional, corrupt, malicious, wanton, willful, done with conscious or reckless disregard for the rights and safety of others, and/or beyond the scope of their lawful authority, thereby piercing any right to claim public officer immunity.

72. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department proximately and directly caused the financial harm suffered by Mr. Peake for the value of his stolen property.

73. At all times relevant to this Complaint, Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were acting in the course of their duties as deputy officers employed by the Onslow County Sherriff Department, and their actions and unlawful conduct are therefore imputed to Onslow County under the doctrine of *respondeat superior*.

74. As a direct and proximate result of Onslow County's unlawful conduct, Mr. Peake suffered and continues to suffer compensatory damages in excess of $10,000, to be proved at trial.

75. Mr. Peake is entitled to punitive damages because Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department acted with malicious, deliberate, willful, and wanton disregard for his rights and privileges.

## FOURTH CLAIM FOR RELIEF
### Conspiracy to Commit Conversion
### Defendants Becker, Smith and
### Blizzard and Onslow County
### Sherriff Department

76. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

77. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department constituted conspiracy to commit conversion against Mr. Peake.

78. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department, as alleged herein, include, without limitation, falsely arresting Mr. Peake for the purpose of permitting and then actively assisting private individuals in stealing private personal property from Mr. Peake's storage unit because of non payment and the inability to pay because of the perjury committed by Becker, Smith and Blizzard.

79. By agreeing with Ms. Coleman to assist her in obtaining property that belonged to Mr. Peake and exercising the right of ownership over that property, Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department unlawfully conspired with others, to convert Mr. Peake's personal property.

80. Those actions were malicious and intentional and were taken without Mr. Peake's consent or lawful privilege, justification, or excuse.

81. Those actions resulted in the theft of Mr. Peake's private property.

82. The actions of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were deliberate, grossly negligent, in bad faith, intentional, corrupt, malicious, wanton, willful, done with conscious or reckless disregard for the rights and safety of others, and/or beyond the scope of their lawful authority, thereby piercing any right to claim public officer immunity.

83. The actions of Defendants Becker, Smith and Blizzard and Onslow County

Sherriff Department proximately and directly caused the financial harm suffered by Mr. Peake for the value of his stolen property.

84. At all times relevant to this Complaint, Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were acting in the course of their duties as deputy officers employed by the Onslow County Sherriff Department, and their actions and unlawful conduct are therefore imputed to Onslow County under the doctrine of *respondeat superior*.

85. As a direct and proximate result of Onslow County's unlawful and unconstitutional conduct, Mr. Peake suffered and continues to suffer compensatory damages in excess of $10,000, to be proved at trial.

86. Mr. Peake is entitled to punitive damages because Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department acted with malicious, deliberate, willful, and wanton disregard for his rights and privileges.

### FIFTH CLAIM OR RELIEF
### Negligence
### County of Onslow

87. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

88. Onslow County owed Mr. Peake the duty to properly and adequately supervise and train all police officers employed by the Onslow County Sherriff Department in proper search and seizure under North Carolina statutory and constitutional law.

89. As alleged herein, the Onslow County Sherriff Department and, thereby, Onslow failed to exercise reasonable care in the supervision and training of its deputy officers in proper

search and seizure under North Carolina statutory and constitutional law.

90. This violation of generally accepted law enforcement custom and practice was the direct and proximate result of grossly inadequate supervisory and training policies and practices on the part of the Onslow Sherriff Department, and was a direct and proximate cause of Mr. Peake's injuries.

91. Further, after this incident occurred, Onslow County failed to take appropriate and/or reasonable and/or necessary action against Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department, despite the knowledge that these officers had engaged in misconduct.

92. As a direct and proximate result of Leland's negligence, Mr. Peake suffered and continues to suffer compensatory damages in excess of $10,000 and in an amount to be proved at trial.

### SIXTH CLAIM OR RELIEF
### Negligence
### Defendants Becker, Smith and
### Blizzard and Onslow County
### Sherriff Department

93. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

94. The County of Onslow has waived governmental immunity from claims of negligence by the purchase of insurance or participation in a risk pool. In their official capacities, Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department owed Mr. Peake the duty to refrain from false arrest and their authority to arrest was limited by statute; they breached that duty and their statutory authority, and proximately injured Plaintiff as a result.

97. As a direct and proximate result of Leland's negligence, Mr. Peake suffered and continues to suffer compensatory damages in excess of $10,000 and in an amount to be proved at trial.

## SEVENTH CLAIM FOR RELIEF
### Gross Negligence
### All Defendants

98. The allegations contained in the foregoing paragraphs are repeated, realleged and incorporated herein by reference as if fully set forth.

99. As alleged herein, the conduct of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department was purposeful and was with the knowledge that it constituted a breach of their duty to observe and honor the rights and safety of others.

100. Mr. Peake's physical and emotional injuries were caused by actions of the defendants that were willful, wanton, deliberate, and/or grossly negligent; were excessive and inappropriate under the circumstances; were done with conscious and/or reckless disregard for the life and safety of Mr. Peake; exceeded accepted law enforcement practice; and were in violation of the laws of the State of North Carolina. Defendants' conduct pierced any entitlement to public officer immunity.

101. The conduct of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department constituted gross negligence in the performance of their duties owed to Mr. Peake as police officers employed by the Onslow County Sherriff Department.

102. As a direct and proximate result of the gross negligence of Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department, Mr. Peake suffered and continues to suffer compensatory damages in excess of $10,000 and in an amount to be proved at trial.

103. At all times relevant to this Complaint, Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department were acting in the course of their duties as deputy officers

employed by the Onslow County Sherriff Department, and their gross negligence is therefore imputed to Leland under the doctrine of *respondeat superior*.

## JURY DEMAND

Plaintiff demands that all matters be tried before a jury of his peers.

## PRAYER FOR RELIEF

Upon the trial of this matter, Plaintiff prays that the Court enter Judgment for him and award the following relief:

a. Recover from Defendants, jointly and severally, compensatory damages in an amount to be determined by a jury;

b. Recover pre-judgment and post-judgment interest on all amounts recovered herein;

c. Recover punitive damages against Defendants Becker, Smith and Blizzard and Onslow County Sherriff Department individually to the extent allowed by law;

d. Recover costs of this action, including reasonable attorneys' fees under 28 U.S.C. § 1988;

e. Any other relief this Court deems just and appropriate.

This 19rd day of December, 2013.

*Anthony Peake*

Anthony Peake
5912 Daytona Drive
Richmond Va 23225
Telephone: (804) 687-1508
Email: apthebarber@gmail.com