IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-293-FL

| | | |
|---|---|---|
| ANTHONY PEAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARLANE BECKER, RICHARD | ) | |
| MONTONI, PAUL BUCHANAN, LESLEY | ) | MEMORANDUM & |
| MOXLEY, TIMOTHY SMITH, MELISSA | ) | RECOMMENDATION |
| BLIZZARD, SCOTT CROSSMAN, JASON | ) | |
| GRANT BETTIS, JOHN CARTER, VERA | ) | |
| PEARSON, GEORGE COLLINS, LOUIS | ) | |
| F. FOY, ERNEST LEE, DAISEY BLUE, | ) | |
| JACQUELINE MULL, MALVIN | ) | |
| SUTTON, VIRGIL HOLLINGSWORTH, | ) | |
| ED BROWN, JEFF HUDSON, BEVERLY | ) | |
| YVETTE JACKSON, DONNA THOMAS, | ) | |
| JOHN OLSEN, JACOB EVANS JR., | ) | |
| AMEIL ROSSABI, and CARLA WEST, | ) | |
| | ) | |
| Defendants. | ) | |

This pro se case is before the court on the application [DE #1] by Plaintiff

Anthony Peake to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and

for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been

referred to the undersigned by the Honorable Louise Wood Flanagan, United States

District Judge.  For the reasons stated below, Plaintiff's motion to proceed in forma

pauperis is allowed, and it is recommended that Plaintiff's claims be dismissed.

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## DISCUSSION

### I.    Standard for Frivolity Review

Notwithstanding the determination that Plaintiffs are entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

## II. Plaintiff's Claims

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his Fourth Amendment rights. Plaintiff additionally puts forth state law claims of trespass by a public officer, trespass upon chattels, conspiracy to commit conversion, negligence, and gross negligence. Plaintiff names the following twenty-five different defendants: (1) Marlane Becker, in her individual and official capacities; (2) Richard Montoni; (3) Paul Buchanan; (4) Lesley Moxley; (5) Timothy Smith, in his individual and official capacities; (6) Melissa Blizzard, in her individual

and official capacities; (7) Scott Crossman; (8) Jason Grant Bettis; (9) John Carter; (10) Vera Pearson; (11) George Collins; (12) Louis F. Foy; (13) Ernest Lee; (14) Daisey Blue; (15) Jacqueline Mull; (16) Malvin Sutton; (17) Virgil Hollingsworth; (18) Ed Brown; (19) Jeff Hudson; (20) Beverly Yvette Jackson; (21) Donna Thomas; (22) John Olsen; (23) Jacob Evans, Jr.; (24) Ameil Rossabi; (25) Carla West; (26) Onslow County Sheriff's Department, in its individual and official capacities; and (27) "Onslow County Child Support," in its individual and official capacities.[1]

Although unclear, it appears that Plaintiff's allegations arise from child support proceedings in state court in Onslow County. Plaintiff asserts that he was wrongfully detained for contempt of court for non-payment of child support.

Plaintiff seeks the following relief: (1) compensatory damages to be determined by a jury; (2) pre-judgment and post-judgment interest on all amounts recovered; (3) punitive damages against Defendants Becker, Smith, Blizzard and the Onslow County Sheriff's Department; (4) the cost of the instant action, including reasonable attorney's fees; and (5) other relief the court deems appropriate.

---

[1] Plaintiff did not name the Onslow County Sheriff's Department or "Onslow County Child Support" as defendants in the caption of his complaint, but has included them as defendants in the body of his complaint.

## III. Judicial Immunity

Plaintiff names Judge Louis Foy as a defendant for the actions taken in entering an order for contempt of court for the non-payment of child support. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.*

Here, Plaintiff's claim arises from Judge Foy's judicial actions in entering an order for contempt of court, a matter over which he had jurisdiction. Therefore, Judge Foy is immune from suit, and the claims against him should be dismissed.

## IV. Improper Defendants

Although Plaintiff does not include the Onslow County Sheriff's Department or "Onslow County Child Support" in the caption of the case, he included them as defendants in the body of his complaint. The undersigned is under the assumption that when Plaintiff refers to "Onslow County Child Support," he is referring to Onslow County Department of Social Services ("DSS"). [2] "The capacity of a

---

[2] The explanation within the complaint provides, "On December 20, 2012, Defendants Marlane Becker . . . Attorney's Timothy Smith and Melissa Steven's [sic] Blizzard acting as agents for Defendant Onslow County Child Support ('the County'

governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held." *Avery v. Burke Cnty.*, 660 F.2d 111, 114 (4th Cir. 1981) (citing Fed. R. Civ. P. 17(b)). North Carolina General Statute § 153A-11 provides that the county is the legal entity that can sue and be sued. There is no corresponding statute allowing suit against a county's sheriff's department or DSS. In the absence of a statute, North Carolina law provides "the capacity to be sued exists only in persons in being." *McPherson v. First & Citizens Nat. Bank of Elizabeth City*, 240 N.C. 1, 18, 81 S.E.2d 386, 397 (1954).

Here, Plaintiff's claims against Onslow County Sheriff's Department must be dismissed given that it is an agency or department of Onslow County and does not have the legal capacity to be sued. *See Parker v. Bladen Cnty.*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) (dismissing claims against sheriff's department for lack of capacity); *see also Moore v. City of Asheville*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing claims against city police department for lack of capacity). Additionally, Plaintiff's claims against DSS should be dismissed because it also does not have the legal capacity to be sued. *See Malloy v. Durham Cnty. Dep't of Soc. Servs.*. 58 N.C. App. 61, 66 293 S.E. 2d 285, 289 (1982).

## V.    Omitted Defendants

Plaintiff names several defendants in the caption of the case, of which there is no mention in the complaint.  As such, Plaintiff has failed to state a claim against

---

or 'Onslow County' or 'Onslow County Child Support' or 'Maximus' or Policy Studies Inc. [sic] or 'Onslow County Administration' or 'Smith and Blizzards – Attorneys at Law [sic] or 'Onslow County Sherriff [sic] Department') . . . ." (Compl. at 2.)

them, and the following defendants should be dismissed from the case: (1) Richard Montoni; (2) Paul Buchanan; (3) Lesley Moxley; (4) Jason Grant Bettis; (5) John Carter; (6) Vera Pearson; (7) George Collins; (8) Ernest Lee; (9) Daisey Blue; (10) Jacqueline Mull; (11) Malvin Sutton; (12) Virgil Hollingsworth; (13) Ed Brown; (14) Jeff Hudson; (15) Beverly Yvette Jackson; (16) Donna Thomas; (17) John Olsen; (18) Jacob Evans, Jr.; (19) Ameil Rossabi; and (20) Carla West.

## VI.    42 U.S.C. § 1983

Plaintiff's § 1983 claim pertains to the remaining defendants: (1) Marlane Becker; (2) Timothy Smith; (3) Melissa Blizzard; and (4) Scott Crossman.

### A.  Becker, Smith, & Blizzard

Plaintiff brings a claim for false arrest in violation of the Fourth Amendment against Marlane Becker as an employee of "Onslow County Child Support" and attorneys Timothy Smith and Melissa Blizzard.  Plaintiff contends that Defendants Smith and Blizzard are "employed as [ ] public officer[s] for the Onslow County Child Support." (Compl. at 4.)  Plaintiff asserts, "[T]he actions of Defendants Becker, Smith and Blizzard, as alleged [in the complaint], including without limitation, forcing Mr. Peake to sit for a substantial period of time in a confined area, while handcuffed behind his back, publically [sic] humiliating him and defaming his character while the Defendants permitted chuckle [sic] and even assisted others in the theft of Plaintiff's property from his possession, also violated the [F]ourth Amendment guarantee against unreasonable seizures." (Compl. at 8.)

7

Assuming that Defendants Becker, Smith, and Blizzard were all acting under color of state law as required by § 1983, Plaintiff's claim against these defendants fails on other grounds. Section 1983 creates a cause of action for legal and equitable relief against every person, who under color of state law, deprives a citizen of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff merely states that Defendants lied about his employment status, and that this was used to assist in his false imprisonment. Plaintiff alleges no facts indicating deprivation of a constitution right, privilege, or immunity with respect to these defendants. Instead, Plaintiff appears to have been held in contempt for failure to pay child support. Accordingly, Plaintiff has not pled facts sufficient to state a claim upon which relief may be granted, and the claims against Becker, Smith, and Blizzard should be dismissed.

## B. Crossman

Lastly, Plaintiff alleges within his claim for false imprisonment that Defendant Crossman "detained Mr. Peake, handcuffed behind his back, while the other officer maliciously and unlawfully aided and abetted the theft of Plaintiff's private property." (Compl. at 2.) No further facts are provided with regard to allegations against this defendant. In order to make out a claim of false imprisonment, a plaintiff must allege facts from which it may be inferred that he was illegally restrained against his will. *Hoffman v. Clinic Hosp., Inc.*, 197 S.E.2d 161, 162 (N.C. 1938). Because Plaintiff has not pled facts sufficient to state a claim of false imprisonment, this claim should be dismissed.

## C.    State Claims

Lastly, Plaintiff raises the following state-law claims: (1) trespass by a public officer, (2) trespass upon chattels, (3) conspiracy to commit conversion, (4) negligence, and (5) gross negligence.  As Plaintiff's federal claims fail, there is no federal claim to which the state claims may attach.  In these circumstances, a district court may decline to exercise supplemental jurisdiction over the state-law claims.  *See* 28 U.S.C. § 1367(c)(3) (authorizing district courts to decline to exercise jurisdiction over a state claim if "the district court has dismissed all claims over which it has original jurisdiction").  In determining whether to exercise jurisdiction over these claims, a federal district court should give due consideration to principles of comity, convenience, fairness and judicial economy.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988).  Given the nature of Plaintiff's claims and considering the state court's strong interest in such matters, the undersigned recommends that the court decline jurisdiction over Plaintiff's state-law claims.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's federal claims be DISMISSED for lack of jurisdiction, for failure to state a claim, and as frivolous.  Additionally, it is RECOMMENDED that the court DECLINE to exercise supplemental jurisdiction over Plaintiff's state-law claims.

The Clerk shall send a copy of this Memorandum and Recommendation to the pro se Plaintiff, who shall have fourteen (14) days from the date of service to file

9

written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 14th day of May 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge