IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CV-293-FL

| | | |
|---|---|---|
| ANTHONY PEAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARLANE BECKER, RICHARD | ) | ORDER |
| MONTONI, PAUL BUCHANAN, LESLEY | ) | |
| MOXLEY, TIMOTHY SMITH, MELISSA | ) | |
| BLIZZARD, SCOTT CROSSMAN, JASON | ) | |
| GRANT BETTIS, JOHN CARTER, VERA | ) | |
| PEARSON, GEORGE COLLINS, LOUIS | ) | |
| F. FOY, ERNEST LEE, DAISEY BLUE, | ) | |
| JACQUELINE MULL, MALVIN | ) | |
| SUTTON, VIRGIL HOLLINGSWORTH, | ) | |
| ED BROWN, JEFF HUDSON, BEVERLY | ) | |
| YVETTE JACKSON, DONNA THOMAS, | ) | |
| JOHN OLSEN, JACOB EVANS JR., | ) | |
| AMEIL ROSSABI, and CARLA WEST, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court for review of plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly Swank entered a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein she recommends that the court dismiss plaintiff's complaint for failure to state a complaint upon which relief may be granted. No objections to the M&R have been filed, and the

time in which an objection may be filed has expired.[1]

## BACKGROUND

Plaintiff filed a pro se §1983 complaint against 31[2] defendants on December 19, 2014. Plaintiff's allegations arise from child support proceedings in state court in Onslow County, in which plaintiff asserts that he was unlawfully detained and otherwise wronged by defendants.[3] Plaintiff names as defendants: (1) Marlane Becker, in her individual and official capacities; (2) Richard Montoni; (3) Paul Buchanan; (4) Lesley Moxley; (5) Timothy Smith, in his individual and official capacities; (6) Melissa Blizzard, in her individual and official capacities; (7) Officer Scott Crossman; (8) Jason Grant Bettis; (9) John Carter; (10) Vera Pearson; (11) George Collins; (12) Judge Louis F. Foy; (13) Ernest Lee; (14) Daisey Blue; (15) Jacqueline Mull; (16) Malvin Sutton; (17) Virgil Hollingsworth; (18) Ed Brown; (19) Jeff Hudson; (20) Beverly Yvette Jackson; (21) Donna Thomas; (22) John Olsen; (23) Jacob Evans, Jr.; (24) Ameil Rossabi; (25) Carla West; (26) Onslow County Sheriff's Department, in its individual and official capacities; (27) "Onslow County Child Support," in its individual and official capacities; (28) "Leland;" (29) "Correll;"(30) "County of Onslow;" and "City of Jacksonville." Plaintiff asserts the following claims: (1) Fourth Amendment claims; (2) Trespass by a public officer; (3) Trespass upon chattels; (4) Conspiracy to Commit Conversion; (5, 6) Negligence; and (7) Gross negligence. The claims only discuss actions by defendants Becker,

---

[1] On May 29, 2014, plaintiff filed a motion for a 60 day extension of time to file objections, which was granted. (DE 6, 7). On July 31, 2014, plaintiff filed a second motion for extension of time to file objections, and was granted until September 24, 2015 to file any objections. (DE 8, 9).

[2] Defendants 26, 27, 28, 29, 30, and 31 are not named in the caption of plaintiff's complaint, but are otherwise mentioned in the body of plaintiff's complaint.

[3] Plaintiff has been involved in litigation in this district on two previous occasions. See Peake v. Becker, 7:12-cv-99-BO (E.D.N.C. 2012) (Suit against defendants Becker, Onslow County Sheriff Department and one other party relating to child support payments); United States v. Peake, 7:14-mc-2-KS (E.D.N.C. 2014) (United States quashed a subpoena relating to the child support case).

Smith, Blizzard, and the Onslow County Sheriff Department. Claim four asks relief from a "defendant ... Correll" not named elsewhere in the complaint. Claim five asks relief from "County of Onslow." Claims two, five, six, and seven mention a "Leland"as being responsible for those claims under respondeat superior, though Leland is not discussed elsewhere in the complaint. Claim seven is against "all defendants," although it only discusses actions by Becker, Smith, Blizzard, and the Onslow County Sheriff Department, with Leland again bearing vicarious liability. Defendant Scott Crossman is mentioned in the caption and in the introductory paragraph, but nowhere else.

Plaintiff seeks the following relief: (1) compensatory damages to be determined by a jury; (2) pre-judgment and post-judgment interest on all amounts recovered; (3) punitive damages against Defendants Becker, Smith, Blizzard and the Onslow County Sheriff's Department; (4) the cost of the instant action, including reasonable attorney's fees; and (5) other relief the court deems appropriate.

Upon careful review of the M&R, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may object to the findings or recommendations of the magistrate judge, and "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. Because no objections have been filed, the court reviews only for clear error, and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Plaintiff asserts a Fourth Amendment 1983 claim against defendants (1) Becker, (5) Smith, and (6) Blizzard, but has not pled facts sufficient to state a claim on which relief may be granted.

Plaintiff has merely asserted that defendants lied about his employment status, which was related to plaintiff being held in contempt for failure to pay child support, not that they deprived him of a constitutional right or privilege. The Fourth Amendment claim against these defendants must therefore be dismissed.

Plaintiff also asserts that defendant (26) Onslow County Sheriff Department deprived him of his Fourth Amendment rights by arresting and confining him for "nearly an hour," and that this was done "without probable cause" and was with "deliberate indifference to and/or reckless disregard" for plaintiff's constitutional rights. However, plaintiff has not pled facts sufficient to support his claim that the arrest was without probable cause, or any other loss of a constitutional right. Plaintiff's Fourth Amendment claim against defendant Onslow County Sheriff Department must therefore be dismissed.

Because the Fourth Amendment 1983 claim must be dismissed, there is no federal claim from which supplemental jurisdiction can attach to the remaining state claims of (2) Trespass by a public officer; (3) Trespass upon chattels; (4) Conspiracy to Commit Conversion; (5) Negligence; and (6) Gross Negligence. Where there is no longer any federal claim, a district court may decline to exercise supplemental jurisdiction over any remaining state-law claims, with consideration to principles of comity, convenience, fairness, and judicial economy. Carngegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). The court therefore declines jurisdiction over plaintiff's state-law claims.

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and, plaintiff's complaint is DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this the 1st day of October, 2015.

_____
LOUISE W. FLANAGAN
United States District Court Judge